UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X   Case No.

BERNARD WILKERSON,

                     Plaintiff,                    **COMPLAINT**

              - against -

                                                     **PLAINTIFF DEMANDS**

METROPOLITAN TRANSPORTATION    **A TRIAL BY JURY**
AUTHORITY, NEW YORK CITY TRANSIT
AUTHORITY, and RICARDO JOHN, *individually*,

                    Defendants.
------------------------------------------------------------------X

Plaintiff, BERNARD WILKERSON, by his attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to **Title VII of the Civil Rights Act of 1964**, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII") as amended, 42 U.S.C. §§ 2000-e *et seq.* the **New York State Human Rights Law**, New York State Executive Law, §§ 296, and the **New York City Human Rights Law**, New York City Administrative Code §§ 8-107 *et seq.*, and seeks damages to redress the injuries Plaintiff has suffered as a result of being **discriminated and retaliated against by his employer** solely due to his **actual and/or perceived religion (Islam)**.

## JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims that Plaintiff has brought under

state and city law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as one or more Defendants reside within the Southern District of New York or the acts complained of occurred therein.

5. By: (a) timely filing a Charge of Discrimination with Equal Employment Opportunity Commission ("EEOC") on April 9, 2019; (b) receiving a Notice of Right to Sue from the EEOC on September 27, 2019; (c) commencing this action within 90 days of the issuance of the Notice of Right to Sue by the EEOC; and (d) contemporaneously with the filing of this Complaint, mailing copies thereof to the New York City Commission of Human Rights ("NYCCHR") and the Office of the Corporation Counsel of the City of New York pursuant to the notice requirements of § 8-502 of the New York City Administrative Code, Plaintiff has satisfied all of the procedural prerequisites for the commencement of the instant action. A copy of the Notice of Right to Sue is annexed hereto as Exhibit A; a copy of the transmittal letter to the NYCCHR et ano. is annexed hereto as Exhibit B.

## PARTIES

6. That at all times relevant hereto, Plaintiff BERNARD WILKERSON ("WILKERSON" or "Plaintiff") is a resident of the State of New York and Bronx County.

7. Defendant METROPOLITAN TRANSPORTATION AUTHORITY ("MTA") is a public benefit corporation chartered by the New York State Legislature under the Metropolitan Transportation Authority Act, N.Y. Pub. Auth. Law §§ 1260 *et seq.*

8. Defendant NEW YORK CITY TRANSIT AUTHORITY ("NYCTA") is a public benefit corporation created by statute pursuant to N.Y. Pub. Auth. Law §§ 1201 *et seq.*

9. At all relevant times, Plaintiff was an employee of Defendants, MTA and NYCTA.

10. That at all times relevant hereto, Defendant RICARDO JOHN ("JOHN") was a "Superintendent" at Defendants, MTA and NYCTA.

2

11. That at all times relevant hereto, Defendant JOHN was Plaintiff's supervisor and/or had supervisory authority over Plaintiff. Defendant JOHN had the authority to hire, fire or affect the terms and conditions of Plaintiff's employment, or otherwise influence the decision-maker of the same.

12. That at all times relevant hereto, Defendants, MTA, NYCTA, and JOHN, are collectively referred to herein as "Defendants."

## MATERIAL FACTS

13. In or around March 2001, Defendants hired Plaintiff as a "Conductor."

14. At all times relevant, Plaintiff has been an excellent employee throughout his time working for the Defendants.

15. In approximately March 2004, Plaintiff was placed in the Construction Flagging Unit as a "Construction Flagger."

16. In approximately 2013, Plaintiff was asked to become qualified to use a respirator.

17. In the process of respirator training, Plaintiff was asked by a trainer to wear a face mask that covered his nose and mouth area. Wearing this face mask would require Plaintiff to shave his beard.

18. Plaintiff explained that he could not shave his beard because he is a practicing Muslim. In response, Plaintiff was accommodated by allowing Plaintiff to use a full-face respirator that permitted Plaintiff to maintain his beard.

19. Plaintiff continued to take the respirator qualification training on a yearly basis.

20. On each and everyone one of these trainings Plaintiff was accommodated with the full-face respirator.

21. However, at or around Plaintiff's 2016 training, Plaintiff was asked to bring a letter from his Imam confirming his religious background.

3

22. Soon thereafter, Plaintiff provided Defendants with the requested letter and, as a result, Defendants accommodated Plaintiff by allowing him to utilize a full-face respirator.

23. On or about November 30, 2018, Plaintiff arrived at his respirator training with the full-face respirator that had been issued to accommodate his prior trainings, a letter from his Imam, and proof of his prior attendance and qualifications at respirator trainings dating back to 2013.

24. When Plaintiff alerted the instructor to his presence, however, Plaintiff was informed that Defendant JOHN had ordered that no one with a beard would be permitted to participate in the training.

25. The instructor then handed Plaintiff shaving cream and a razor and directed Plaintiff to shave in the bathroom.

26. Plaintiff, astonished that Defendants were withholding a religious accommodation that had been granted for multiple years, showed the instructor the full-face respirator that he had been granted to use, as well as the letter he had been provided by his Imam.

27. However, Plaintiff's instructor continued to insist that Plaintiff shave his beard.

28. Plaintiff immediately contacted his supervisor to inform them of the situation. Plaintiff was directed to reach out to Defendant JOHN by phone for clarification.

29. When Plaintiff reached Defendant JOHN by phone, Plaintiff explained that he had been turned away from respirator training and that he required, and had been granted for several years, an accommodation for his religion.

30. Defendant JOHN responded, "I can't tell you what religion to practice, but you can't practice it here in construction flagging."

31. Following Plaintiff's call, Plaintiff has been transferred out of his position in the Construction Flagging Unit and has been ordered to instead work on the platform

4

performing customer service work with passengers.

32. Upon information and belief, Defendant JOHN transferred Plaintiff from the Construction Flagging Unit to a Platform Customer Service position in clear retaliation for Plaintiff requesting a reasonable accommodation for his religious observances.

33. Based on the aforementioned, **it is clear that Defendants' reason for discriminating against Plaintiff was due to Plaintiff's actual and/or perceived religion (Islam) and in retaliation for complaining of this discrimination**.

34. Plaintiff felt offended, disturbed, and humiliated by the blatantly unlawful and discriminatory conduct.

35. Plaintiff has been unlawfully discriminated against, retaliated against, humiliated, and degraded, and as a result, suffers loss of rights, and emotional distress.

36. **Defendants' actions and conduct were intentional and intended to harm Plaintiff**.

37. As a result of Defendants' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

38. As a result of the Defendants' discriminatory treatment of Plaintiff, he has suffered severe emotional distress and physical ailments.

39. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

40. As a result of the above, Plaintiff has been damaged in an amount in excess of the jurisdiction of the Court.

41. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands Punitive Damages as against all

Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## (Not Against Defendant JOHN)

42. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

43. 42 USC 2000e-2(a), states in relevant part:

> It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . .

44. Defendants, MTA and NYCTA, engaged in unlawful employment practices prohibited by 42 U.S.C. §§ 2000e *et seq.*, by discriminating against Plaintiff because of his perceived and/or actual religion (Islam).

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII
## (Not Against Defendant JOHN)

45. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

46. 42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> (1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

47. Defendants, MTA and NYCTA, violated 42 U.S.C. § 2000e-3(a) by retaliating against Plaintiff for his opposition to Defendants', MTA and NYCTA, unlawful discrimination.

6

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK STATE EXECUTIVE LAW

48. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

49. Executive Law § 296 provides that,

> 1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

50. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his perceived and/or actual religion (Islam).

### AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK STATE EXECUTIVE LAW

51. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

52. Executive Law § 296 provides that, "7. It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has filed a complaint, testified, or assisted in any proceeding under this article."

53. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his opposition to the unlawful employment practices of the Defendants.

### AS A FIFTH CAUSE OF ACTION
### DISCRIMINATION AND RETALIATION UNDER THE NYSHRL
### (Aider and Abettor Liability Against Defendant JOHN)

54. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above

paragraphs of this Complaint.

55. New York State Executive Law § 296 (6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

56. Defendant JOHN engaged in unlawful discriminatory practices in violation of New York State Executive Law § 296 (6) by aiding, abetting, inciting, compelling, and/or coercing the discriminatory and retaliatory conduct against Plaintiff.

57. By virtue of Defendant JOHN's conduct as alleged herein, Plaintiff has been injured.

58. Plaintiff is entitled to the maximum amount allowed under this statute/law.

### AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

59. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

60. The Administrative Code of City of New York §8-107(1) provides that

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

61. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by discriminating against Plaintiff because of his perceived and/or actual religion (Islam).

### AS A SEVENTH CAUSE OF ACTION FOR RETALIATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

62. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

63. The New York City Administrative Code § 8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

64. Defendants, MTA and NYCTA, engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(7) by discriminating against the Plaintiff because of his opposition to the unlawful employment practices of the Defendant.

### AS AN EIGHTH CAUSE OF ACTION
### DISCRIMINATION AND RETALIATION UNDER THE NYCHRL
### (Aider and Abettor Liability Against Defendant JOHN)

65. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

66. The New York City Administrative Code §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

67. Defendant JOHN engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

### JURY DEMAND

68. Plaintiff requests a jury trial on all issues to be tried.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by **Title VII of the Civil Rights Act of 1964**, the **New York State Human Rights Law**, New York State Executive Law §§ 296 *et. seq.* ("NYSHR"), and the **New York City Human Rights Law**, New York City Administrative Code, §§ 8-107 *et. seq.* ("NYCHRL"), and, in that

9

Defendants discriminated against Plaintiff on the basis of his perceived and/or actual religion (Islam), and retaliated against Plaintiff for complaining of this discrimination;

B. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

E. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
October 9, 2019

PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC

*Shawn Clark*

Shawn Clark, Esq.
45 Broadway, Suite 620
New York, New York 10006
Tel: (212) 248-7431
Fax: (212) 901-2107
Sclark@tpglaws.com