UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
BERNARD WILKERSON,

                              Plaintiff,

            - against -

METROPOLITAN TRANSPORTATION
AUTHORITY, NEW YORK CITY TRANSIT
AUTHORITY, and RICARDO JOHN,
Individually,

                           Defendants.
---------------------------------------------------------------x

19-cv-9340 (LJL)


# DEFENDANTS' MOTIONS *IN LIMINE*


Steve S. Efron
237 West 35th Street - Suite 1502
New York, New York 10001
(212) 867-1067

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BERNARD WILKERSON,

                              Plaintiff,

                - against -

METROPOLITAN TRANSPORTATION
AUTHORITY, NEW YORK CITY TRANSIT
AUTHORITY, and RICARDO JOHN,
Individually,

                            Defendants.
-----------------------------------------------------------x

                                       19-cv-9340 (LJL)

## DEFENDANTS' MOTIONS *IN LIMINE*

### Introductory Statement

The Second Circuit's decision in <u>Bey v. City of New York</u>, 999 F.3d 157 (2d Cir. 2021),

issued on June 9, 2021, after the close of discovery and just nine days prior to the filing of

defendants' summary judgment motion, changed the focus of this case significantly.  The <u>Bey</u>

decision deprived Wilkerson of his claim that defendants New York City Transit Authority

("Transit") and Ricardo John were "wrongfully withholding a religious accommodation that had

been granted for multiple years...allowing him to utilize a full-face respirator."  Complaint ¶¶

22, 26.[1]  <u>Bey</u> established, in a case brought by New York City firefighters, that past practices

respecting the use of respirators held no sway and could properly be disregarded by the FDNY if

federal safety regulations dictated that more stringent safety protocols be implemented and

followed.  <u>Bey</u>, 999 F.3d at 169 ("The fact that no adverse safety events were reported during

the period when the FDNY permitted the Firefighters to avoid shaving does not now preclude

the FDNY from enforcing the respiratory-protection standard as written").

Relying on the holding in <u>Bey</u> and noting, too, the lack of evidence supporting

---

    [1]Wilkerson was employed by Transit, as was defendant Ricardo John.  ECF Doc. 32-1, at
19-20; ECF Doc. 29, at 1.  The Metropolitan Transportation Authority has not been shown to
have had any involvement in the case and should be dismissed from the suit at this juncture.

Wilkerson's supposition that Transit's strict enforcement of its respirator requirement was a pretext for discrimination, the Court dismissed Wilkerson's causes of action charging defendants with religion-based discrimination and retaliation in response to Wilkerson's complaints of discrimination.  ECF Doc. 49, Opinion and Order ("Slip Op."), at 18-19, 27. What remains in the case, requiring a trial, is Wilkerson's sketchily-alleged claim of failure to accommodate.  This claim, too, is sharply constricted by Bey's holding that "an employer cannot be held liable for failing to offer an accommodation that is expressly prohibited by binding federal law."  999 F.3d at 168.  "Under the same analysis," this Court stated, "any accommodation that would entail utilizing a respirator without shaving would not be reasonable here."  Slip Op. at 22.

Evidence that previously may have been considered relevant to the case no longer has probative value due to the Court's disposition of defendants' summary judgment motion; admitting that evidence would only confuse the jury and prejudice the defendants.  To prevent that from happening, defendants make the present motions *in limine*.  "The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial."  EEOC v. United Health Programs of Am., 2017 U.S. Dist. LEXIS 222646, at *3 (E.D.N.Y. Sept. 4, 2017).

## A. PRECLUSION OF EVIDENCE THAT IS RELEVANT ONLY TO THE DISCRIMINATION AND RETALIATION CLAIMS THAT HAVE BEEN DISMISSED

It stands to reason that "claims that were dismissed or determined by summary judgment...may not be tried, and evidence related thereto may not be introduced at trial." Gorbea v. Verizon N.Y., Inc., 2014 U.S. Dist. LEXIS 87295, at *5 (E.D.N.Y. June 25, 2014). "Courts in this Circuit have repeatedly issued in limine orders precluding this type of evidence." Dial Corp., 2016 U.S. Dist. LEXIS 20427, at *10.  Applying that rule to the current case, the following evidence adduced by Wilkerson in support of his now-dismissed discrimination and

retaliation claims should be precluded.

###### 1. Evidence That Wilkerson Was Previously Accommodated With a Loose-Fitting Respirator

Wilkerson alleged in his complaint that when he arrived at a respirator training class on November 30, 2018, "with the full-face respirator that had been issued to accommodate his prior trainings," he was instructed to shave or leave.  Complaint ¶¶ 23, 25, 29.  "[A]stonished that Defendants were withholding a religious accommodation that had been granted for multiple years," id. ¶ 26, Wilkerson called Ricardo John for an explanation.  John responded, according to Wilkerson, "I can't tell you what religion to practice, but you can't practice it here in construction flagging."  Id. ¶ 30.  Wilkerson was removed the next day from construction flagging and "ordered to instead work on the platform performing customer service work with passengers."  Id. ¶ 31.  Wilkerson construed these events as clear evidence of discrimination based on Wilkerson's faith and retaliation for complaining of discrimination and "requesting a reasonable accommodation for his religious observances."  Complaint ¶¶ 32-33.

The Court, on the other hand, in addressing defendants' motion for summary judgment, found that Transit's determination in 2018 to strictly enforce its respirator policies, which included a requirement that construction flaggers be clean-shaven to allow for a tight seal with the respirator facepiece, was not shown by Wilkerson to have been a pretext for discrimination. Slip Op. at 16-17 ("the fact that the policy was not enforced in previous years cannot support a finding that the decision to begin enforcing it was pretextual").

There is, however, one caveat to defendants' request that evidence of Transit's prior laxity in enforcing its respirator protocols be kept out of evidence.  Because all flaggers have been required to be respirator qualified since late 2018, the only direct evidence of the effects non-qualified flaggers had on operations comes from the period prior to 2018.  For that reason, Transit employees should still be permitted to testify regarding those operational difficulties and why those difficulties led Transit to adopt a policy of denying employees' requests to be

excused from the respirator policy, as a reasonable accommodation or otherwise.

### 2. John's Alleged Statement is Irrelevant
To Any Remaining Issue in the Case

Wilkerson should also be precluded from offering testimony as to the statement allegedly made by Ricardo John. The statement, the Court found, could not in fairness be interpreted as expressing a discriminatory or retaliatory motive. Slip Op. at 13-14 (Plaintiff's deposition testimony "contradicts any suggestion that John's statement is itself evidence supporting an inference of discriminatory motivation"). As the statement is not probative of any remaining contested issue in the case, its introduction by Wilkerson would in effect invite the jury to give it an interpretation that the Court has determined was unjustified.

### 3. Wilkerson's Immediate Transfer to Position
as Platform Conductor and Other Actions
Claimed to be Retaliatory

Having made a decision not to shave his beard, as was required in order to participate in the respirator training class, Wilkerson was immediately assigned to a position as a platform conductor. Wilkerson contends that the speed with which he was transferred to that position, the failure to enroll him in a refresher course that would have enabled to return to a position as a conductor in revenue service, and the failure to honor his selection of construction flagging when the next pick was held, were all motivated by retaliatory animus for his complaint that an accommodation he had enjoyed for years was taken from him.

The Court, however, found Wilkerson's evidence insufficient and dismissed his claim of unlawful retaliation. He should be precluded at trial from testifying that his assignment to the duties of a platform conductor was intended as a punishment. Neither party, however, should be precluded from offering evidence on the issue of whether the assignment to platform conductor was a reasonable accommodation for Wilkerson's religious practice of wearing a beard.

4

### B. WILKERSON SHOULD BE PRECLUDED FROM CONTENDING THAT TRANSIT POSSESSED OR COULD ACQUIRE RESPIRATORS THAT WOULD FILTER OUT TOXIC FUMES AND YET NOT REQUIRE THAT HE BE CLEAN SHAVEN

Wilkerson testified at his deposition that year after year, at respirator training sessions, he was promised that a respirator known as a PAPR (powered air-purifying respirator) would be provided to him. ECF Doc. 32-1, at 60. The PAPR was never issued to Wilkerson, however, and he used a "full-face" respirator that created a tight seal depending on the "size of your head" and was "occasionally" effective. Id. at 68-70. When Wilkerson was advised in November 2018 that he would need to shave in order to remain in construction flagging, he thought he would receive a PAPR that "since 2013...I never, ever received, that they have in their possession." Id. at 89. That was the accommodation he expected, and he proposed no other accommodation. Id. at 100-101.

Transit's Director of Environmental Protection and Industrial Hygiene, Doreen Boatswain, had surveyed the manufactures of respirators and determined that only one, Honeywell, manufactured an absorbent cartridge that effectively filtered out nitrogen dioxide, a carcinogen contained in diesel exhaust fumes. The cartridge was compatible with a half-face or full-face negative pressure respirator, each of which required that the wearer be clean shaven. ECF Doc. 30, at 4.

Ms. Boatswain stated that the respirator described by Wilkerson, a full-face respirator or PAPR, did not adequately protect Wilkerson from nitrogen dioxide and other contaminants. "No cartridge was available that would have enabled Wilkerson to continue in his assignment in construction flagging and still keep his beard." Id. at 6. As Ms. Boatswain's assessment was unchallenged, the Court ruled that Wilkerson was barred from contending that the respirator he anticipated receiving would protect him from the toxic fumes and not require that he be clean shaven. Slip Op. at 22. Any testimony that Wilkerson may offer in conflict with Ms. Boatswain's opinion, and thus with the Court's ruling, should be precluded at trial.

## C. EXCLUDING FROM CONSIDERATION A TRANSFER PROHIBITED UNDER THE CIVIL SERVICE LAW

Wilkerson proclaimed, in opposing defendants' summary judgment motion, that Transit "had the ability and could have offered Plaintiff the opportunity to pick for a new position instead of adversely placing him in the role of platform conductor," which Wilkerson characterized as "a blatant change in title of employment." ECF Doc. 41, at 21, 24. Wilkerson was mistaken in portraying his transfer from construction flagging to platform conductor as a "change in title," and he should be precluded from imparting that erroneous claim to the jury.

Wilkerson sat for a civil service examination for the title of conductor, was hired by Transit as a conductor from the eligible list resulting from that examination and always served in the title of conductor until his recent promotion to the position of assistant dispatcher. Construction flagging is an assignment that is performed by an employee in the conductor's title, as are the assignments of conductor in revenue service, platform conductor and hand-switching. Wilkerson's transfer to platform conductor was a change in assignment, not a change in title. The distinction is significant in the context of a case such as this one, alleging a failure to accommodate,

As an accommodation for his religious practice, Wilkerson had no right to demand, and Transit had no authority to grant, a transfer to a different title. New York's Civil Service Law provides that, with exceptions not applicable here:

> "[N]o employee shall be transferred to a position for which there is required by this chapter or the rules established hereunder an examination involving essential tests or qualifications different from or higher than those required for the position held by such employee.

N.Y. Civil Service Law § 70(1); N.Y. Public Authorities Law § 1210(2)("The appointment, promotion and continuance of employment of all employees of the authority shall be governed by the provisions of the civil service law and the rules of the municipal civil service commission of the city").

6

Hypothetically, therefore, if Wilkerson had been able to match the hourly pay, overtime hours, and opportunities for promotion he enjoyed as a construction flagger with a transfer to a vacant position as a bus operator or signal maintainer, § 70(1) of the Civil Service Law would bar Transit from granting that accommodation to Wilkerson.  See Jackan v. New York State DOL, 205 F.3d 562, 565 (2d Cir. 2000)(noting that the district court determined that transfer to a desk job was not a feasible accommodation since civil service rules prohibited the transfer), cert. denied, 2000 U.S. LEXIS 6705 (Oct. 10, 2000); Moxley v. New York, 2019 U.S. Dist. LEXIS 194032, at *36-41 (W.D.N.Y. Nov. 6, 2019); Kitchings v. Jenkins, 85 N.Y.2d 694, 698-99 (1995); Matter of Husamudeen v. DeBlasio, 180 A.D.3d 904, 907-08 (2d Dept. 2020).[2]

Addressing defendants' argument that the transfer of Wilkerson to a platform assignment was a reasonable accommodation even if the benefits were not as desireable as what he had as a construction flagger, the Court observed that "whether or not [the transfer] represented a reasonable accommodation turns on whether this diminution was 'inexplicable' or 'without justification.'"  Slip Op. at 21 (citing Baker v. The Home Depot, 445 F.3d 541, 548 (2d Cir. 2006)).  The strictures of § 70(1) of the N.Y. Civil Service Law limited the available options and explain why it was not possible to move Wilkerson into a position with benefits that matched the benefits he had been receiving as a construction flagger.  The jury in this case should be apprised of these considerations when evaluating the reasonableness of Transit's transfer to the position of platform conductor.

**D. DISMISSAL OF CLAIM FOR PUNITIVE
   DAMAGES AS AGAINST ALL DEFENDANTS**

"[T]he request to dismiss the punitive damages claim may properly be brought as a

---

[2]Wilkerson, moreover, did not pursue or even suggest a change in title as a reasonable accommodation:

Q. Did you suggest a change in your title as a possible accommodation?
A. I didn't think that was necessary.

ECF Doc. 32-1, at 101.

pretrial motion *in limine*." <u>Lovejoy-Wilson v. Noco Motor Fuels, Inc.</u>, 242 F. Supp.2d 236, 244 (W.D.N.Y. 2003); <u>see also</u> <u>Doe v. AR</u>, 2022 U.S. Dist. LEXIS 92353, at *53-54 (W.D.N.Y. May 23, 2022)("the question of whether a court should permit a plaintiff to seek a particular remedy, such as punitive damages...is most appropriately raised in a pretrial motion *in limine*").

The Metropolitan Transportation Authority and Transit are not subject to an award of punitive damages by virtue of their status as government entities. <u>Olivier v. County of Rockland</u>, 2017 U.S. Dist. LEXIS 33230, at *24-25 (S.D.N.Y. March 8, 2017); <u>Sales v. New York City Tr. Auth.</u>, 2011 U.S. Dist. LEXIS 99048, at *24 n. 13 (S.D.N.Y. Aug. 26, 2011). Ricardo John, sued in his individual capacity, is not subject to an award of punitive damages under Title VII, since the statute does not provide for individual liability, or under the NYSHRL, which does not provide for an award of punitive damages against any entity or individual, whether public or private. <u>Murtha v. N.Y. State Gaming Comm'n</u>, 2019 U.S. District LEXIS 159783, at *55 (S.D.N.Y Sept. 17, 2019) ("NYSHRL does not provide for punitive damages").

Ricardo John is not shielded as a matter of law from punitive damages under the NYCHRL, but no interpretation of the facts in this case can rationally support such an award. The sole cause of action remaining in the case is for an alleged failure to accommodate, which "do[es] not require proof of discriminatory intent." <u>Brooklyn Ctr. For Psychotherapy, Inc. v. Philadelphia Indem. Ins. Co.</u>, 955 F.3d 305, 312 (2d Cir. 2020). The Court has already ruled, consistent with Wilkerson's own deposition testimony, that no evidence has been produced that John or his superiors harbored discriminatory or retaliatory motives, or acted with malice and indifference to Wilkerson's rights. <u>Lovejoy-Wilson</u>, 242 F. Supp.2d at 245. There is nothing in the documents or in the deposition testimony to hold out even the slightest possibility that a jury can make a rational finding that John's conduct was so egregious as to justify a punitive damage award. <u>Tse v. N.Y. Univ.</u>, 2016 U.S. Dist. LEXIS 205003, at *91 (S.D.N.Y. Aug. 29, 2016).

8

**E.  PRECLUSION OF PREVIOUSLY UNDISCLOSED WITNESS**

One Minnie Davis appears on plaintiff's witness list in the proposed pretrial order.  ECF Doc. 68, at 7.  Her name, so far as defendants have been able to ascertain from a review of the file, was not disclosed previously in this case.[3]  Neither her title nor her role in relation to this case is set forth, other than to say that she will "testify as to her experience as Mr. Wilkerson's supervisor and employment in construction flagging."  Defendants are left to wonder how "her experience" can shed any light on the issues to be tried.  "Courts in this circuit generally do not view the disclosure of a witness in a joint pretrial order as a proper Rule 26(e) disclosure."  Gem Fin. Serv. v. City of New York, 2022 U.S. Dist. LEXIS 24256, at *40 (E.D.N.Y. Feb. 10, 2022).

Defendants move to preclude the witness.  Merlite Indus. v. Valassis Inserts, 12 F.3d 373, 377 (2d Cir. 1993)(preclusion of witness first identified in pretrial order).

## CONCLUSION

For the reasons set forth above, defendants request that their motions *in limine* be granted.

Dated: New York, New York
      August 4, 2022

Respectfully submitted

_____/s/_____<br>Steve S. Efron

---

[3]Needless to say, defendants will withdraw the application to preclude this witness if plaintiff produces a document demonstrating that defendants are mistaken in asserting that a proper disclosure was not made.