UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X          Docket No.:  19-cv-09340 (LJL)
BERNARD WILKERSON,

        Plaintiff,

            - against -

METROPOLITAN TRANSPORTATION AUTHORITY,
NEW YORK CITY TRANSIT AUTHORITY, and
RICARDO JOHN, individually,

        Defendants.
-----------------------------------------------------------------X

### Plaintiff's Memorandum of Law in Opposition to Defendants' Motion In Limine

**PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC**

Shawn R. Clark
*Attorneys for Plaintiff*
45 Broadway, Suite 430
New York, NY 10006
Ph: (212) 248-7431
Fax: (212) 901-2107
sclark@tpglaws.com

Plaintiff, Bernard Wilkerson, ("Plaintiff") by and through his attorneys, Phillips & Associates, Attorneys at Law, PLLC, respectfully submits this Memorandum of Law in Opposition to the motions *in limine* brought by Defendants New York City Transit Authority and Ricardo John's (collectively "Defendants"). Plaintiff alleges that Defendants violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et. seq., the New York State Human Rights Law ("NYSHRL"), New York State Executive Law § 290, et. seq., and the New York City Human Rights Law ("NYCHRL"), New York City Administrative Code §§ 8-107 *et seq* by failing to provide a reasonable accommodation for his religion. Defendants now seek to preclude a variety of potential testimony and evidence in this matter, predominantly on the grounds that Your Honor's decision on summary judgment limited the range of issues in the case. As set forth below, however, Defendants' motion to preclude Plaintiff from testifying concerning basic aspects of his case and his employment with Defendants lacks any basis. As set forth below, Defendants are far short from meeting their burden that the evidence they propose to exclude is "clearly inadmissible," and, indeed, some of it potentially speaks to issues at the heart of this matter.

## Legal Argument

### I.  Legal Standard

"Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001); *United States v. Pugh*, 162 F. Supp. 3d 97, 100 (E.D.N.Y. 2016). The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996); *Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 283 (S.D.N.Y. 1996).

Where a movant fails to set forth, with sufficient particularity, the forecasted evidence for which preclusion is sought, a court has discretion to deny the motion or reserve judgment. *See Wechsler v. Hunt Health Sys., Ltd.*, 381 F. Supp. 2d 135, 150 (S.D.N.Y. 2003) ("Defendants do not specify any evidence that they seek to preclude. Therefore, as no certain forecasted evidence presents itself here for a ruling *in limine*, defendants' motion is denied."); *Nat'l Union Fire Ins. Co.*, 937 F. Supp. at 287 (finding that because "[t]his motion *in limine* lacks the necessary specificity with respect to the evidence to be excluded" and was otherwise "too sweeping in scope to be decided in limine" that the appropriate course of action was for the court to "reserve judgment on the motion until trial when admission of particular pieces of evidence is in an appropriate factual context"). Courts considering a motion *in limine* may reserve judgment until trial, so that the motion is placed in the appropriate factual context. *See Nat'l Union*, 937 F. Supp. at 287; *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 554 (E.D.N.Y. 2011) ("A federal district court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds and [u]nless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.") (internal citation omitted) (alteration in original), and it remains "[t]he movant['s] . . . burden of establishing that the evidence is not admissible for any purpose.'").

"A motion *in limine* to preclude evidence calls on the court to make a preliminary determination on the admissibility of the evidence under Rule 104 of the Federal Rules of Evidence." *Allen v. City of New York*, 466 F. Supp. 2d 545, 547 (S.D.N.Y. 2006) (citation omitted); *see* Fed. R. Evid. 104(a) ("Preliminary questions concerning . . . the admissibility of evidence shall be determined by the court . . . .") Rule 402 of the Federal Rules of Evidence requires that evidence be relevant to be admissible. Fed. R. Evid. 402. Relevant evidence is defined as evidence "having

any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Thus, the court's determination of what constitutes "relevant evidence" is guided by the nature of the claims and defenses presented.

## II.    Plaintiff Should Not Be Precluded from Introducing Evidence that Plaintiff Received Previous Accommodations

Plaintiff should not be precluded from testifying concerning his experience of receiving previous accommodations, which included attendance at previous respirator trainings. Under the Federal Rules of Evidence, relevant evidence--that is, evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable" is "generally admissible." Fed. R. Evid. 401, 402. Rule 401 also requires only that evidence be probative, not conclusive, on a fact at issue to be relevant. *Id.*

Here, Plaintiff's potential testimony concerning his experience attending respirator trainings and previous accommodations is basic factual background to the religious accommodation claim at the heart of this case. The fact that some of these facts could also have potentially supported a dismissed discrimination provides no independent basis for preclusion. Because Defendant has not carried their burden and due to the otherwise generalized nature of the evidence, which would make an *in limine* ruling inappropriate in the absence of the proper factual context, the Court should deny this branch of Defendant's motion.

## III.    Plaintiff Should Not Be Precluded from Testifying to Mr. Ricardo John's Statement

Mr. John's statement, "I can't tell you what religion to practice, but you can't practice that there at construction flagging" is probative to remaining contested issues and should not be precluded. Dkt. No. 47 ¶ 59. As previously mentioned, this court determined there remain triable issues of fact as to whether alternative accommodations would in fact cause Defendants undue

4

hardship.   Dkt. No. 49 ¶ 23. Specifically, there remain disputes of fact regarding whether Defendants could have allowed Plaintiff to remain a construction flagger but on projects that did not require a respirator. *Id.* Mr. John's statement, which suggests that no attempt to find a religious accommodation or engage in the interactive process would be explored at all, goes directly to a key issue in the case, and thus is admissible. Thus, the court should also deny this subset of Defendant's motion *in limine.*

**IV.**   **Plaintiff Should Not Be Precluded from Testifying Concerning His Immediate Transfer as Platform Conductor**

Plaintiff should not be precluded from testifying concerning his immediate transfer to platform conductor. Defendant's decision to immediately transfer Plaintiff to a position with allegedly lower hourly payand fewer overtime opportunities goes to important issues of whether a reasonable accommodation was offered and to damages. The speed at which Plaintiff was transferred is also potentially indicative of Defendants' lack of inquiry into the most reasonable accommodation available, one being allowing Plaintiff to remain a construction flagger but on projects that did not require a respirator. Although Defendants do not appear to dispute that his transfer is relevant to these issue, Defendants' request for preclusion is ambiguous; it appears tailored to testimony by Plaintiff that his assignment was a "punishment" but it is not clear if that includes Plaintiff's necessary and relevant testimony that the assignment involved lower pay and overtime opportunities. Because Defendant has not carried their burden and due to the otherwise generalized nature of the evidence, which would make an *in limine* ruling inappropriate in the absence of the proper factual context, the Court should deny this branch of Defendant's motion.

**V.**   **Plaintiff Should Not Be Precluded from Contending that Transit Could Have Inquired About Acquiring Alternative Respirators**

Plaintiff should not be precluded from testimony that he proposed a PowerAir-Purifying Respirator ("PAPR"), which could be used with facial hair, as an accommodation that he believed

5

would protect him from toxic fumes. Even after Plaintiff's proposal of this accommodation, Defendants did not engage with manufacturers until after the events about which Plaintiff brings this suit to see if there were alternatives to the specific respirator being used. Dkt. No. 43. ¶ 19 (citing Dkt. No. 30 ¶¶ 9– 11). Defendants are still not aware whether there exists a nitrogen dioxide absorbent cartridge for use with a PAPR, nor does Plaintiff identify that such a cartridge exists. *Id.* This evidence is relevant and probative of Defendants' failure to accommodate as well as the aiding and abetting of discrimination.

## VI.   Plaintiff Should Not Be Precluded from Contending that Transit Transferred his Position

Plaintiff is amenable to referring to Defendant's transfer of Plaintiff to a position with lower hourly salary, fewer overtime opportunities, and without the possibility of promotion as a change in "assignment" or "position," rather than a change in "title."

## VII.   The Dismissal of Plaintiff's Claims for Punitive Damages is Inappropriate

Plaintiff concedes Defendant Transit is not subject to awards of punitive damages under Title VII or the NYSHRL. However, as Defendants mention in their motion *in limine,* Defendant Ricardo John is not shielded from punitive damages under the NYCHRL. Punitive damages are available for violations of the NYCHRL where the "wrongdoer has engaged in discrimination with willful or wanton negligence, or recklessness, or a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard." *Chauca v. Abraham*, 30 N.Y.3d 325, 334, 67 N.Y.S.3d 85, 89 N.E.3d 475 (2017); *see also Thomas v. West*, No. 14 CV 4459-LTS, 2019 U.S. Dist. LEXIS 41700, at *4 (S.D.N.Y. Mar. 14, 2019). Defendants argue that there is no evidence to support that a jury would be able to award punitive damages in this matter.

However, this Court has ruled that arguments as to the parties' evidence on the issue of punitive damages are misplaced in the motion *in limine* context. *Thomas v. West*, No. 14 CV 4459-LTS, 2019 U.S. Dist. LEXIS 41700, at *5 (S.D.N.Y. Mar. 14, 2019) (" Defendants are free to raise the evidentiary sufficiency issue in a motion pursuant to Federal Rule of Civil Procedure 50(a) at the close of the Plaintiff's case at trial. Accordingly, Defendants' motion in limine to dismiss the NYCHRL punitive damages claim is denied). As this is not the appropriate forum for a discussion of the evidentiary strength of punitive damages, this branch of Defendants' motion should be denied as to the dismissal of a claim for punitive damages under NYCHRL.

**VIII.**   <u>**Minnie Davis Should Not Be Precluded as a Witness**</u>

Defendants argue, incorrectly, that Plaintiff first disclosed proposed witness Minnie Davis in the Joint Pretrial Order and accordingly should be precluded from testifying. However, Plaintiff disclosed Minnie Davis, Mr. Wilkerson's supervisor at the time he requested religious accommodations, as a potential witness and previous employee of Defendants in its Response to Defendants' Interrogatory #9, which requested Plaintiff "[i]dentify every person who plaintiff intends to call as a fact witness at the trial of this action." *See* Exhibit A to the Declaration of Shawn Clark, Plaintiff's Responses and Objections to Defendants' First Set of Interrogatories to Plaintiff. Mr. Wilkerson also testified to interactions with Ms. Davis at his deposition. Having been informed in February, well before the close of the discovery period, that plaintiff intended to call Ms. Davis as a fact witness at trial with no attempt by Defendants to depose her, Defendants' request for preclusion should be denied.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that Defendants' motions *in limine* be denied.

Dated:  New York, New York

August 11, 2022

**PHILLIPS & ASSOCIATES,**

**ATTORNEYS AT LAW, PLLC**

By:      _____/s/_____
                Shawn R. Clark
                *Attorneys for Plaintiff*
                45 Broadway, Suite 620
                New York, New York 10006
                (212) 248-7431
                sclark@tpglaws.com

cc:      To all counsel of record (via ECF)