**STEVE S. EFRON**
ATTORNEY AT LAW
237 WEST 35TH STREET • SUITE 1502
NEW YORK, NEW YORK 10001

OF COUNSEL
RENEE L. CYR

August 18, 2022

TEL. (212) 867-1067
FAX. (212) 682-5958
SSEFRON@AOL.COM

Hon. Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re: Wilkerson v. Metropolitan Transportation Authority et al.
           19-cv-9340 (LJL)

Dear Judge Liman:

      Defendants submit this letter motion in further support of their motion in limine to preclude the testimony of Minni Davis, identified as a potential witness in plaintiff's response to defendants' Interrogatory 9, but without any indication of the substance of her testimony. See Attachment A. Defendants request, in addition, that the Court's earlier preclusion of a defense witness, Valerie Dabas, be reconsidered in light of the fact that she was identified as a person having knowledge of plaintiff's claims in response to plaintiff's Interrogatories 1, 12 and [Interrogatory addressed directly to Ricardo John] 1. See Attachment B.

      Plaintiff's identification of Minni Davis in response to an interrogatory does not satisfy Rule 26(a)(1)(A)(I). "[A] proper Rule 26 disclosure includes not only the name of the 'individual likely to have discoverable information,' but the 'subjects of that information.'" *N. Am. Photon Infotech, Ltd. v. ZoomInfo LLC*, 2022 U.S. Dist. LEXIS 142022, at *11 (S.D.N.Y. Aug. 9, 2022); *see also Monsour v. State Office for Developmental Disabilities*, 2016 U.S. Dist. LEXIS 75718, at *16 (N.D.N.Y. June 10, 2016)("despite timely identifying [individuals] he intended to call as trial witnesses, plaintiff did not reasonably comply with Rule 26(a) or the parties' agreement insofar as he did not provide the subject matter of their testimony").

      In fact, plaintiff first identified the subject matter of Ms. Davis' testimony in the parties' proposed pretrial order, stating vaguely that Ms. Davis would testify "as to her experience as Mr. Wilkerson's supervisor and employment in construction flagging." ECF Doc. 68 at 7. Defendants remain in the dark as to what that testimony might entail, even after plaintiff was asked at yesterday's final pretrial counsel to expand on what Ms. Davis' testimony would address.

      On the other hand, it was apparent from defendants' response to plaintiff's interrogatories what information Valerie Dabas would testify to, but it was not stated explicitly that she would in fact be called as a witness. This deficiency in defendants' disclosure would seem to be no more consequential than plaintiff's failure to state the subject matter of Ms. Davis' testimony, calling for parity in treatment. *Cf. Roman v. Rgs Fin.*, 2019 U.S. Dist. LEXIS 152372, at *12-13 (E.D.N.Y. Sept. 6, 2019).

                                                 Respectfully yours,

                                                   _____/s/_____
                                                   Steve S. Efron