UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
                :

BERNARD WILKERSON.,            :

                :

         Plaintiff,      :

                :               19-cv-09340 (LJL)

    -v-               :

                :             <u>MEMORANDUM &</u>

NEW YORK CITY TRANSIT AUTHORITY et al.,    :            <u>ORDER</u>

                :

         Defendants.   :

                :

---------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__8/19/2022__

LEWIS J. LIMAN, United States District Judge:

      Defendants move for reconsideration of the Court's order denying their motion in limine to preclude Minnie Davis from testifying as a Plaintiff witness at trial.  Defendants also asks the Court to reconsider its order precluding Valerie Dabas from testifying as a defense witness.  Dkt. No. 78.

      A motion for reconsideration should be granted only if the movant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)).  Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *In re Health Mgmt. Sys., Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted).  It is not a "vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"  *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

I.      **Minnie Davis**

In an opinion from the bench, the Court denied Defendants' motion to preclude Ms.

Davis from testifying at trial on the grounds that the name had not previously been disclosed in

the case.  Dkt. No. 72 at 9.  The Court took note of the fact that Defendants' motion in limine

had represented that Defendants would withdraw the application to preclude the witness if the

Plaintiff produced a document demonstrating that Defendants were mistaken in their view that

proper disclosure was not made.  *Id.* at 9 n.3.  Defendants did not draw the Court's attention to

Plaintiff's Responses and Objections to Defendants' First Set of Interrogatories to Plaintiff.  Dkt.

No. 74-1.  In response to the request that Plaintiff "[i]dentify every person who plaintiff intends

to call as a fact witness at the trial of this action," Plaintiff identified four persons in addition to

himself and individual defendant Ricardo John.  *Id.*  Three of those persons were identified as

"employee for Defendants."  *Id.*  One of those persons was Ms. Davis.  *Id.*  Plaintiff brought the

interrogatory response to the attention of the Court in his opposition to the motion in limine.

Dkt. Nos. 74, 74-1.  At the beginning of oral argument on August 17, 2022, the Court inquired

whether either party wished to be heard with respect to the motions in limine.  Defendants (as

well as Plaintiff) stood silent.

In its opinion subsequently delivered from the bench, the Court noted that Defendants

had stated that they would withdraw the motion if Plaintiff produced a document demonstrating

that Ms. Davis's name has previously been disclosed and that Plaintiff had since produced such a

document.  The Court accordingly denied the motion.

Defendants now move to preclude Ms. Davis on a ground different than that they moved

on in their motion in limine.  They no longer dispute that Plaintiff identified Ms. Davis as one of

the very few persons Plaintiff would call as a witness at trial.  They argue that Plaintiff's

identification of her in the interrogatory response did not satisfy Rule 26(a)(1)(A)(i); the

interrogatory response identified Ms. Davis and her employment but, according to Defendants, it did not state the subject of the information that she possessed that is relevant to Plaintiff's claim. Dkt. No. 78.

The motion is denied.  First, Defendants do not identify any arguments or basis for preclusion of Ms. Davis as a witness that it could not have made at the time of the motion in limine.  If Defendants believed that the interrogatory response did not satisfy Rule 26(a)(1) in its specificity, they could have raised that argument in their motion in limine.  They did not, noting only that her name was not previously disclosed as a potential witness. Dkt. No. 72 at 9.  A motion for reconsideration is not an opportunity for a re-do.  *See Tonga Partners, L.P.*, 684 F.3d at 52.  Second, a number of cases have held that even if Rule 26(a)(1)(A)(i) requires the disclosure of the subject matter of the information, the failure to provide such information is harmless.  *See Sce v. City of New York*, 2020 WL 6410935, at *4 (S.D.N.Y. Nov. 2, 2020), *vacated in part on other grounds*, 2022 WL 598974 (2d Cir. Mar. 1, 2022); *Perkins v. Air & Liquid Sys. Corp.*, 2015 WL 4610671, at *5 (S.D.N.Y. July 30, 2015); *Peterson v. Pan Am Railways, Inc.*, 2015 WL 2451227, at *3 (N.D.N.Y. May 21, 2015); *Krawec v. Kiewit Constructors, Inc.*, 2013 WL 1104414, at *7-8 (S.D.N.Y. Mar. 1, 2013).  That is particularly the case here.  Ms. Davis's name was one of only four persons Plaintiff listed as a witness Plaintiff intended to call at trial.  Plaintiff's answer was not conditional; it was definitive.  Plaintiff "intended" to call Ms. Davis as a witness.  Defendants had that answer well in advance of trial and in advance of the close of discovery.  Defendants could have taken Ms. Davis's deposition if they wanted.  They also could have asked Plaintiff for more information.[1]  They also could have

---

[1] This case thus is readily distinguishable from *Monsour v. N.Y. State Office for Developmental Disabilities*, 2016 U.S. Dist LEXIS 75718 (N.D.N.Y. June 10, 2016), where the court found that disclosure was deficient in part because plaintiff objected to an interrogatory which asked for the

inquired of Ms. Davis herself.  She is an employee of the corporate Defendant.  Plaintiff disclosed at the pretrial conference that Ms. Davis would testify as to her knowledge of a statement made by individual defendant John.  According to Defendants, that statement is not in dispute.  She otherwise would testify to her supervision of Plaintiff.

## II.    Valerie Dabas

Defendants also ask that the Court reconsider its order precluding Valerie Dabas as a witness at trial.  Defendants now point out that Ms. Dabas was identified in Defendants' Response to Plaintiff's First Set of Interrogatories.  Ms. Dabas was listed as one of ten persons (including individual defendant John) as a person with knowledge of Plaintiff's claims of religious discrimination and/or retaliation and one of three individuals specifically named (alongside "other managerial members of the Office of Labor Relations") who had knowledge or information regarding Defendants' policies and/or procedures with respect to discipline.  Dkt. No. 78-2.  Defendant John identified Ms. Dabas as one of four persons with knowledge of Defendants' policies and procedures regarding transfers.  *Id.*  In response to the request for the identification by full name and address of all witnesses that Defendants intend to call at the time of trial, Defendants answered: "Defendants have not as of this date determined which witnesses they intend to call at trial, but represent that defendants will comply with the Federal Rules of Civil Procedure and any Court order concerning the disclosure of trial witnesses."  *Id.*

By letter motion on July 27, Defendants sought to reopen discovery to allow for their disclosure of five additional witnesses whom they stated were first identified and described in Rule 26 disclosures on June 17, 2022 (Glenroy Walcott) and on July 22, 2022 (Ms. Dabas and three others).  Dkt. No. 61.  Defendants also requested a continuance of the trial.  Dkt. No. 61.

---

subject matter of the witness's testimony.  *Id.* at * 16.  Defendants here never asked.

Defendants argued that the late notification of the witnesses was justified by what they claimed was surprise. In his deposition and during discovery, Plaintiff identified two accommodations that would have been acceptable to him—being given a loose-fitting respirator or being allowed to attend and get credit for the class without being fit-tested for a tight-fisted respirator. *Id.* at 2. It was only in his opposition to summary judgment that Plaintiff claimed that Defendants could have reasonably accommodated him by being assigned to outdoor flagging jobs not requiring a respirator. *Id.* at 2–3. Defendants acknowledged that they were aware of Plaintiff's new theory as early as July 30, 2021 when it was proffered by Plaintiff, but stated that they did not move to reopen discovery then based on the mistaken belief that the argument would not be accepted. *Id.* at 3. Defendants offered no justification for their failure to identify the witnesses in the following eight months from the date that the Court accepted the argument in its December 3, 2021 summary judgment order. As to relevance, Defendants argued that two witnesses in particular were important, Redza Guerrier and Kershawn Falu. *Id.* The letter contained a single reference to Ms. Dabas, stating that she had been identified in the July 2022 supplemental Rule 26(a)(1) disclosures, but did not argue that her testimony was important. Defendants did not mention that Ms. Dabas had previously been identified in interrogatory responses.

Plaintiff opposed the motion and asked for the Court to preclude Defendants from calling the five as witnesses at trial. Plaintiff noted that the Court had denied Defendants' motion for summary judgment on the failure to accommodate claim in December 2021, that trial was originally scheduled to proceed on May 16, 2022, and that the five witnesses were disclosed only two months before trial (and in the case of Ms. Dabas and the three others only one month before trial). Dkt. No. 62 at 2. Plaintiff also noted that Defendants still had not been able to effectively deliver to Plaintiff the documents relevant to the witnesses. *Id.* And Plaintiff made the argument

that it would suffer extreme prejudice by the late disclosure of the witnesses—there were fewer than four weeks before trial and Plaintiff's counsel was scheduled to appear at trial on a different matter the week of August 8, 2022. Plaintiff's counsel argued that it could not meaningfully depose the witnesses except by commencing discovery anew, completing multiple depositions, and reviewing hundreds of pages of documents. *Id.* at 3.

At a telephonic hearing on August 1, the Court granted Plaintiff's application to preclude Defendants from calling the five witnesses. The Court inquired why Defendants could not have disclosed the witnesses earlier; the defense attributed the delay to the illness before Christmas of one of the two lawyers on the matter and the workload levels of counsel; it also attributed the delay to the nonresponsiveness of Defendants themselves. In response to the question which witnesses were most important, Defendants identified Walcott and then Guerrier and Falu. Counsel for Defendants did not mention Ms. Dabas, nor did counsel refer to the interrogatories. For his part, counsel for Plaintiff argued that he was still receiving new documents from Defendants, that the new disclosures would open many avenues of discovery, and that a previously-scheduled trial would prevent him from taking the depositions of the newly-identified witnesses. The Court applied the factors in *Softel Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955 (2d Cir. 1997), and excluded the evidence. Defendants had no good explanation for the late disclosure. When Plaintiff raised the argument in his opposition to summary judgment, counsel for Defendants should not simply have assumed that the Court would reject it. Counsel should have begun to investigate. Further, the illness of one lawyer for Defendants does not explain why the other lawyer could not have investigated or why new resources were not brought in. The nonresponsiveness of the corporate Defendants was not an adequate excuse with a trial date looming for a case that has been long outstanding. The Court assumed that the

testimony was important, but stated that John would be able to testify to some of the facts.  The prejudice to Plaintiff weighed heavily in favor of preclusion.  Plaintiff would have the right to take discovery of all of the new witnesses as well as review the new documents.[2]  A continuance was not reasonable.  The trial date had earlier been delayed.  As a practical matter, if the Court granted an adjournment, it would not be able to give the parties a trial until 2023.

At the end of the argument, Defendants' counsel asked the Court to reconsider with respect to a single witness whom the defense claimed was particularly important—Walcott—and the Court gave Defendants that right.  Defendants did not mention Ms. Dabas.  Defendants filed a letter motion for reconsideration as to Walcott, Dkt. No. 63, and the Court granted that motion on August 2, 2022, Dkt. No. 67.  The Joint Pretrial Order was submitted on August 4, 2022.  Dkt. No. 68.

Against this backdrop, Defendants are not entitled to reconsideration of the Court's preclusion order for two separate reasons.  First, the motion fails to satisfy the requirements for reconsideration.  Defendants knew or should have known that they had previously identified Ms. Dabas when they filed their motion to reopen discovery on July 27.  That letter motion indicated that Ms. Dabas and the other witnesses were recently discovered, Dkt. No. 61 at 2; even when Plaintiff argued that the late disclosure justified preclusion, Defendants did not mention the interrogatory responses.  Nor did they argue—as they suggest now—that Ms. Dabas had some particular importance.  Had Defendants argued that Ms. Dabas had important testimony to give and had they mentioned the interrogatory responses, the Court might have made a different decision.  It would be the height of unfairness to Plaintiff, however, to permit Defendants to sit

---

[2] Although not explicitly stated, the Court also credited Plaintiff's argument that it might have to depose additional witnesses as well as bring in an expert.

on that information (or to excuse their failure to mention it), and to permit them to raise the issue for the first time at the final pretrial conference and in a letter submitted one business day away from the start of this jury trial.

Second, Defendants are mistaken that the disclosure of Ms. Dabas satisfied the objectives of Rule 26(a)(1).  It is not sufficient under the rule that the opposing party know that a person has relevant information but rather is necessary that the opposing party be put on notice that she might be called as a witness at trial.  *See 3DT Holdings LLC v. Bard Access Sys. Inc.*, 2022 WL 1569493, at *3 (S.D.N.Y. May 17, 2022) ("A party's mere 'knowledge of the existence of a witness does not satisfy the Rule 26(a)(1)(A) disclosure obligation; that obligation is fulfilled only if the disclosing party informed the opposing party that it might call the witness.'" (alterations adopted) (quoting *Lebada v. New York City Dep't of Educ.*, 2016 WL 626059, at *5 (S.D.N.Y. Feb. 8, 2016), *objections overruled*, 2016 WL 8453417 (S.D.N.Y. May 16, 2016))).  It is that notice that Plaintiff provided Defendants in the case of Ms. Davis.  Plaintiff stated that he intended to call her as a witness.  A long line of cases has held that the mention of a person in an interrogatory response is insufficient to achieve compliance with Rule 26(a)(1) absent other facts or circumstances that would put the opposing party on notice that the person might be called as a witness.  *See Xiao Hong Zheng v. Perfect Team Corp.*, 739 F. App'x 658, 662 (2d Cir. 2018); *Rekor Sys., Inc. v. Loughlin*, 2022 WL 3020148, at *16 (S.D.N.Y. July 29, 2022); *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 72 (E.D.N.Y. 2012) ("Many courts in this Circuit (including this one) have held that the mere mention of a name in a deposition or interrogatory response is insufficient to satisfy Rule 26(a)(1)(A)(i)." (listing cases)).  Defendants' listing of Plaintiff among eight other persons (not including defendant John) with information regarding Plaintiff's claims and its response that Ms. Dabas would have information regarding Defendants' policies

8

(many no longer at issue here) would not have provided Plaintiff that notice.  Dkt. No. 78-2.

Indeed, as Defendants themselves implicitly admit, it was not until well after the Court's

summary judgment order that they recognized that she might have information on Plaintiff's

theory of accommodation.

The Court recognizes now, as it did at the time of its original order, that preclusion is a

harsh remedy to be ordered only as a last resort.  *See King v. Wang*, 2021 WL 5299917, at *1

(S.D.N.Y. Nov. 15, 2021) ("Courts in this Circuit recognize that preclusion of evidence pursuant

to Rule 37(c)(1) is a drastic remedy and should be exercised with discretion and caution.").  At

the time of its original order, the Court might not have resorted to that harsh remedy had it been

presented with the relevant facts and had Defendants argued that Ms. Dabas had information that

was material.  Even today, however, Defendants have not argued the relevance of Ms. Dabas.

For that reason and also because Defendants' reference to the interrogatories comes too late and

is not sufficient to satisfy Rule 26(a)(1) in any event, the Court denies the motion for

reconsideration.

SO ORDERED.

Dated: August 19, 2022
        New York, New York                    _____
                                                      LEWIS J. LIMAN
                                                United States District Judge