UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
BERNARD WILKERSON,

                Plaintiff,

      - against -

METROPOLITAN TRANSPORTATION
AUTHORITY, NEW YORK CITY TRANSIT
AUTHORITY, and RICARDO JOHN,
individually,

                Defendants.

---------------------------------------------------------X

**19-cv-09340 (LJL)**

**JOINT PRETRIAL ORDER**

Honorable Lewis J. Liman, United States District Judge:

      The parties having conferred among themselves and with the Court pursuant to Federal Rule of Civil Procedure 16 and pursuant to this Court's Individual Practices in Civil Cases, the following statements, directions, and agreements are adopted as the Pretrial Order herein.:

**i.**    <u>*Caption*</u>**:**

      Bernard Wilkerson v. Metropolitan Transportation Authority, New York City Transit Authority, and Ricardo John, *Individually*, 19-cv-09340 (LJL)

**ii.**    <u>*Parties and Counsel*</u>**:**

    **a. Plaintiff:**

      Shawn Clark, Esq.
      Melissa Vo, Esq.
      Phillips and Associates, Attorneys at Law, PLLC
      45 Broadway, Suite 430
      New York, New York 10006
      T: (212) 248-7431
      F: (212) 901-2107

     Email: sclark@tpglaws.com
       mvo@tpglaws.com

  **b. Defendants:**

    Steve S. Efron
    Renee L. Cyr
    Steve S. Efron, Attorney at Law
    237 West 35th Street
    Suite 1502
    New York, NY 10001
    T: (212) 867-1067
    F: (212)-682-5958
    Email: ssefron@aol.com
       rlcyr@aol.com

**iii.**  *Jurisdiction:*

*Plaintiff:*

Jurisdiction of this Court is proper under 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. §§1331 and 1343. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to *28* U.S.C. §1367. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b), as the acts complained of occurred therein.

*Defendants*:

Defendants acknowledge that the Court has subject matter jurisdiction.

**iv.**  *Claims and Defenses*:

Plaintiff's Claims:

This is an action for damages brought by Plaintiff Bernard Wilkerson against Defendants New York City Transit Authority ("Transit") and Ricardo John. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L.

No. 102-166 ("Title VII")) the New York State Human Rights Law, New York State Executive Law §290, et. seq. ("NYSHRL") and the New York City Human Rights Law, New York City Administrative Code§§ 8-107, et seq., and seeks damages to redress the injuries Plaintiff has suffered as a result of his employer's refusal to reasonably accommodate his religion. Pursuant to the Court's December 3, 2021 Opinion and Order, no other claims previously asserted for discrimination or retaliation are to be tried.

    1) Failure to Accommodate Claims Under Title VII, NYSHRL, and the NYCHRL

Plaintiff complains of Defendant's refusal to make reasonable accommodations for his religious practices. Under Title VII, "it is 'an unlawful employment practice . . . for an employer not to make reasonable accommodations, short of undue hardship, for the religious practices of his employees and prospective employees.'" *Baker v. The Home Depot*, 445 F.3d 541, 546 (2d Cir. 2006) (quoting *Trans World Airlines Inc. v. Hardison*, 432 U.S. 63, 74 (1977)). Defendants Metropolitan Transportation Authority ("MTA"), New York City Transit Authority ("Transit") engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq. by refusing to accommodate Plaintiff's religious practices.

    2) Aiding & Abetting Liability Under New York State Executive Law & New York City Human Rights Law

New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so." Defendant Ricardo John engaged in an unlawful discriminatory practice in violation of New York State Executive Law

§296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct against Plaintiff.

Defendants' Defenses:

Transit's enforcement of its respirator policies and procedures, requiring that all conductors in the construction flagging division be clean-shaven so they can be fitted with a respirator that creates a tight seal between the face mask and face, was necessary for the safety of employees and to be in compliance with the safety standards of regulatory authorities, including the New York State Department of Labor. Plaintiff's request that he be excused from these requirements as an accommodation for his religious practice of wearing a beard, or that he be permitted to wear a loose-fitting respirator that was determined to be ineffective against toxic fumes emitted by diesel engines, were not even facially reasonable and would have caused undue hardship to Transit. See Bey v. City of New York, 999 F.3d 157 (2d Cir. 2021). Plaintiff suggested no alternative accommodation at that time. Rather than engage with Transit in an interactive process to determine whether a feasible alternative existed, plaintiff chose to file grievances and complaints in administrative forums – the EEOC and PERB. Plaintiff is now claiming that he could have continued to work as a construction flagger with a different accommodation, one that he never sought previously. That proposed accommodation would have created an undue hardship that compromised Transit's operations.

Transit promptly accommodated plaintiff by transferring him to a vacant position as a platform conductor, which was an assignment within plaintiff's civil service conductor's title. Transit was prohibited by N.Y. Civil Service Law § 70 from transferring

4

plaintiff to a position outside the conductor's title and plaintiff made no request for such a position.

Ricardo John cannot be held liable for aiding and abetting an unlawful failure to accommodate when he played no role in determining whether an accommodation could be granted and when no unlawful failure to accommodate has occurred in the first instance.

**v.**     ***Jury or Bench Trial*:**

Trial is anticipated to take approximately four to five days and is to be tried with a jury.

**vi.**     ***Proposed Voir Dire Statement*:**

Plaintiff's Proposed Voir Dire Statement

Plaintiff Bernard Wilkerson alleges that the Defendants failed to accommodate his religious practices in violation of federal and state law during his employment. Under Title VII, the New York State Human Rights Law, and the New York City Human Rights Law, an employer cannot discriminate against any employee on the basis of the employee's religious practices unless the employer shows that the employee's religious needs cannot be reasonably accommodated without undue hardship on the conduct of the employer's business.

Defendants deny that they violated Mr. Wilkerson's rights. Defendants allege that accommodating Mr. Wilkerson would have caused an undue burden to Transit's operations.

Defendants' Proposed Voir Dire Statement

Plaintiff Bernard Wilkerson alleges that the Defendants failed to accommodate his religious practices in violation of federal and state law during his employment. Under Title VII, the New York State Human Rights Law, and the New York City Human Rights Law, an employer cannot discriminate against any employee on the basis of the employee's religious practices unless the employer shows that the employee's religious needs cannot be reasonably accommodated without undue hardship on the conduct of the employer's business.

Defendants deny that they violated Mr. Wilkerson's rights. Defendants provided plaintiff with a reasonable accommodation by transferring him to a vacant position as a platform conductor. The religious accommodation plaintiff initially identified would have posed serious hazards to his safety and health, and he suggested no alternative accommodation. Moreover, the accommodation Mr. Wilkerson is now claiming he could have been given would have caused an undue hardship to Transit's operations.

vii. *Likely People, Places, & Institutions*:

The following are people, places, and institutions that are likely to be mentioned during the course of trial:

1. Bernard Wilkerson;
2. Ricardo John;
3. David Franceschini;
4. Mikh'ail Abdullah.
5. Glenroy Walcott;
6. Doreen Boatswain;
7. Demetrius Crichlow;

6

8. Valerie Dabas;

9. Baimusa Kamara;

10. New York City Transit Authority (Transit);

11. Operations Support and Safety Division, Department of Subways;

12. New York State Department of Labor (DOL);

13. Occupational Safety and Health Administration (OSHA);

14. Public Employee Safety and Health Bureau (PESH);

15. Transport Workers' Union, Local 100 (TWU).

16. Public Employment Relations Board (PERB)

**viii.** ***Consent to Trial by Magistrate Judge***

All parties have not consented to trial by a magistrate judge.

**ix.** ***Witnesses:***

Plaintiffs' Prospective Witnesses

1. Bernard Wilkerson, in person. Will testify as to his claims and his employment with the Defendants.

2. Minnie Davis, in person. Will testify as to her experience as Mr. Wilkerson's supervisor and employment in construction flagging.

3. Ricardo John, adverse witness in person. Anticipated to testify as to his employment with Defendants and interactions with Plaintiff.

4. David Franceschini, adverse witness in person. Anticipated to testify as to his employment with Defendants and Defendants' policies.

Plaintiff reserves the right to call records custodians, if necessary, to authenticate or otherwise lay the foundation for admission of any evidence identified for trial purposes. Plaintiff reserves the right to call additional witnesses to rebut defendants' witnesses' testimony, and to use deposition testimony in accordance with the Federal Rules of Evidence and Federal Rules of Civil Procedure. Plaintiff reserves the right to call Defendants' witnesses as adverse witnesses in the event they choose not to testify.

Defendants' Prospective Witnesses

1. David Franceschini, Senior Director of Collective Bargaining, in person, will offer testimony concerning the terms and conditions of the collective bargaining agreement, the seniority system, the contract grievances filed in reference to respirator requirements, procedures for requesting a religious accommodation, limitations on accommodations, titles within Transit and civil service rules limiting transfers from one title to another.

2. Ricardo John, a defendant in the case, in person, will offer testimony concerning his role in supervising the construction flagging division, the nature of the projects supported by construction flaggers, the nature of the work performed by construction flaggers, the application of seniority to job assignments, the need to reassign flaggers due to project cancellations, the instructions he received concerning respirators upon appointment to the position, the use of respirators in construction flagging, and interactions with the plaintiff.

3. Glenroy Walcott, General Superintendent, Transportation Operations, will testify concerning the nature of construction projects, the staffing of

       projects with construction flaggers, the number of available flaggers as affected by budgetary constraints and other factors, the prioritization of projects, the assignment and reassignment of flaggers as dependent on cancellations, the reasons for cancellations, and the operational and collective bargaining hurdles to assigning flaggers only to projects not requiring use of a respirator.

4.    <u>Demetrius Crichlow</u>, Senior Vice President, Department of Subways, in person, will testify concerning the scope of capital projects pending in and around 2018, the shortage of flagging personnel to staff projects and the resulting delays and the safety and operational factors necessitating the enforcement of respirator policies from 2018 through the present.

5.    <u>Doreen Boatswain</u>, Director, Environmental Protection and Industrial Hygiene, in person, will testify (subject to/as limited by the Court's evidentiary rulings on the relevance of her testimony in light of the Court's disposition of defendants' summary judgment motion) concerning the health and safety hazards caused by an employee's exposure to diesel engine fumes and other hazards, the availability of respirators capable of reducing/eliminating the hazards, the ineffectiveness of the respirator Wilkerson allegedly used, and the need to comply with safety standards imposed by regulatory authorities.

**x.** *<u>Deposition Testimony</u>*<u>**:**</u>

<u>Plaintiff's Deposition Designations:</u>

Plaintiff does not intend to admit deposition testimony as a substitute for direct testimony at trial, except in the event of unavailability of witness or for impeachment purposes.

<u>Defendants' Deposition Designations:</u>

From the Deposition of Bernard Wilkerson:

> Page 32 line 3 to page 33 line 9
>
> Page 42 line 5 to page 43 line 6
>
> Page 43 line 15 to line 19
>
> Page 44 line 15 to page 45 line 10
>
> Page 93 line 9 to page 94 line 14
>
> Page 96 line 13 to page 97 line 16
>
> Page 99 line 23 to page 102 line 5
>
> Page 107 line 14 to page 108 line 5
>
> Page 111 line 3 to page 112 line 3
>
> Page 114 line 5 to line 21
>
> Page 115 line 5 to line 14

Plaintiff objects to Defendants' deposition designations; Plaintiff will testify in-person at trial; to the extent such designations are permitted Plaintiff asks this Court to admit portions of the deposition transcript "that in fairness should be considered with the part[s] introduced." Fed. R. Civ. P. 32(a)(6)).

**xi.** *<u>Exhibits</u>*

<u>Plaintiff's Exhibits</u>

Plaintiff reserves the right to offer additional exhibits, including but not limited to deposition testimony transcripts, for the purpose of impeachment. Plaintiff reserves the right to use any relevant and admissible exhibit identified by the Defendants in the Defendants' exhibits lists and not objected to herein, whether or not the Defendants actually offer such exhibit at the time of trial. Plaintiff reserves the right to object to any of Defendants' exhibits which have not been provided to the Plaintiff.

| Exhibit | Description | Bates Number(s) | Objection |
|---|---|---|---|
| P-1 | Letters from Imam | Plaintiff Confidential 144 | |
| P-2 | Respirator Protection Program Attendance Records | Plaintiff Confidential 145, 146, 148 | |
| P-3 | Plaintiff Pay Rate Report | MTA 78 | |
| P-4 | New York City Transit Memorandum | MTA 00545 | |
| P-5 | MTA Religious Accommodation Policy & Procedure | MTA 00046-00051 | |
| P-6 | MTA Respiratory Protection Policy Program Manual | MTA 00052-00077 | |
| P-7 | 7.18.2013 Email | MTA 00433-00434 | Rule 401/403 |
| P-8 | Train Operator Miscellaneous Work Trains Work Program | MTA 00416-00431 | Rule 401/403 |

11

Defendants' Exhibits

| Exhibit | Description | Bates Number(s) | Objection |
|---|---|---|---|
| A | PERB Improper Practice Charge | MTA 519-21 | |
| B | Bulletin R156 Diesel Exhaust | MTA 348 | |
| C | Safety Advisory | MTA 346 | |
| D | Construction Flagging Extra List | MTA 342 | |
| E | Memorandum 11/16/2015 | MTA 311-13 | |
| F | DOL Notice of Violation | MTA 307-09 | FRE Rule 401/403 |
| G | Wilkerson's Email to Transit EEO | MTA 242-44 | |
| H | Wilkerson Email Submitting Grievance Decision to EEO | MTA 236-41 | |
| I | Religious Accommodation Policy | MTA 46-48 | |
| J | Safety Advisory PAPR Prohibited | MTA 12 | |
| K | Boatswain Email Re: Honeywell Statement | MTA 1-2 | FRE Rule 401/403 |
| L | Contract Interpretation Grievance Respirator Standard | MTA No. Illegible Will be Provided | Pending upon Identification of Document |
| M | Transit EEO Letter Closing Investigation | MTA No. Illegible Will be Provided | Pending upon Identification of Document |
| N | EEO Complaint | MTA 228-29 | |
| O | Respiratory Protect Program Issued 3/5/2014 | MTA 52-77 | |
| P | Safety Advisory Respirators and Facial Hair | MTA 168 | |
| Q | Service Delivery Bulletin 6/27/2019 | MTA 169-70 | |

| R | Personal Protective Equipment Policy Issued 2/20/09 | MTA 180-99 | |
|---|---|---|---|
| S | EEOC Charge | MTA 200-06 | |
| T | Stipulation and Agreement Re: Contract Grievance | MTA 208-09 | |
| U | Stipulation and Agreement Re: Contract Grievance | MTA 214-15 | |
| V | CBA, Relevant Portions | MTA 376-402[1] | FRE Rule 401/403 |
| W | Hours and Earnings Reports for B. Wilkerson | P Confidential 153, 179, 205, 224, 244 | |
| X | Job Detail Summary for B. Wilkerson | MTA 555-560 | Documents disclosed after discovery period |
| Y | TWU Rate Chart Book excerpts for conductors | MTA 561-62 | Documents disclosed after discovery period |

**xii.** *<u>Statement of Damages Claimed</u>*:

At trial, Plaintiff will seek lost wages of approximately $269,193.49, which represent the differential between his typical wages as a construction flagger and the wages he earned in his position following his removal from construction flagging including potential front pay. Plaintiff will seek compensatory damages for emotional distress in an amount to be determined at trial by the jury. Plaintiff will also seek punitive damages in an amount to be determined at trial by the jury. Finally, if successful, Plaintiff will seek all attorneys' fees and costs incurred.

---

[1] Defendants reserve the right to introduce other sections of the CBA if necessary to provide context and upon authentication by a witness with knowledge of the agreement.

**xiii.** *Statement Regarding Unanimous Verdict*:

The parties do not consent to less than a unanimous verdict at this time.

SO ORDERED:

Dated: New York, New York

August 19, 2022

                                                                       HON. LEWIS J. LIMAN
                                                                       United States District Judge