STEVE S. EFRON

ATTORNEY AT LAW

237 WEST 35TH STREET • SUITE 1502

NEW YORK, NEW YORK 10001

OF COUNSEL

RENEE L. CYR

TEL. (212) 867-1067

FAX. (212) 682-5958

SSEFRON@AOL.COM

August 19, 2022

Hon. Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Wilkerson v. Metropolitan Transportation Authority et al.
19-cv-9340 (LJL)

Dear Judge Liman:

Defendants submit this letter to address the Title VII "undue hardship" standard as restraining the extent to which an employer must accommodate an employee's religious beliefs and practices without running afoul of the Establishment Clause of the First Amendment. "As the Supreme Court has long taught, religious accommodations are often appropriate and sometimes necessary, including to protect the free exercise of religion. But at some point, accommodation may devolve into an unlawful fostering of religion, in violation of the Establishment Clause." New York v. United States HHS, 414 F. Supp.3d 475, 573 (E.D.N.Y. 2019)(internal quotation marks and alterations omitted). In TWA v. Hardison, 432 U.S. 63 (1977), to preserve Title VII's accommodation requirement against such a constitutional challenge, the Court held that an employer cannot be compelled to incur more than a de minimis cost in accommodating an employee's religious belief or practice:

> To require TWA to bear more than a de minimis cost in order to
> give Hardison Saturdays off is an undue hardship. Like
> abandonment of the seniority system, to require TWA to bear
> additional costs when no such costs are incurred to give other
> employees the days off they want would involve unequal treatment
> of employees on the basis of their religion.

Id. at 84; see Small v. Memphis Light, Gas & Water, 952 F.3d 821, 828 (6th Cir. 2020 )("the majority [in Hardison] may have construed Title VII so narrowly because it feared that a broader reading might run afoul of the Establishment Clause")(Thapar, J., concurring), cert. denied, 141 S. Ct. 1227 (2021).

The "de minimis cost" standard has been followed by the Second Circuit. Baker v. Home Depot, 445 F.3d 541, 548 (2d Cir. 2006)("An accommodation is said to cause an undue hardship whenever it results in 'more than a de minimis cost' to the employer"). Moreover, "[a] hardship need not be financial in nature to represent more than a de minimis cost." Zdunski v. Erie 2-Chautauqua-Cattaraugus BOCES, 2022 U.S. Dist. LEXIS 51575, at *34 (W.D.N.Y. Feb. 16, 2022)(for example, causing employer to lose control of public image; adverse impact on co-employees; disruption and discord among employees when employee permitted "to wear an anti-abortion button at work"); Litzman v. New York City Police Dep't, 2013 U.S. Dist. LEXIS 162968, at *19 (S.D.N.Y. Nov. 15, 2013)(lost efficiency and higher wages); Bhatia v. Chevron U.S.A., Inc., 734 F.2d 1382, 1384 (9th Cir. 1984)(employer would have to "revamp its currently unpredictable system of duty assignments" and "coworkers would be required to assume his

share of potentially hazardous work").

Here, while plaintiff has requested that the jury be instructed on the Title VII undue hardship standard, he requests as well an instruction under the state and city discrimination laws, which define an "undue hardship" as one requiring a "significant expense or difficulty." ECF Doc. 70 at 31. This has been described as "a rigorous definition" of undue hardship, Litzman, 2013 U.S. Dist. LEXIS 162968, at *20, which stands nearly opposite to the definition adopted by the Supreme Court in Hardison to avoid a conflict with the Establishment Clause.

Application of the state and city standard as written would serve to confer more than an "indirect, remote, or incidental benefit upon religion," Commack Self-Service Kosher Meats, Inc. v. Weiss, 294 F.3d 415, 430 (2d Cir. 2002)(internal quotation marks omitted), putting it in conflict with the Establishment Clause.

Defendants acknowledge that this letter is being submitted outside the scheduled time and request the Court's and opposing counsel's forbearance in that regard.

Respectfully submitted,


_____/s/_____
Steve S. Efron